UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA | CRIMINAL ACTION NO: 99-50089-01

VERSUS | JUDGE DONALD E. WALTER

JOHN R. COOKE (01) | MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING & ORDER

Before the Court is an Appeal [Doc. #81] of the Magistrate Judge's Garnishee Order [Doc. #77]. The Government has filed a response in opposition [Doc. #84]. For the reasons that follow, the appeal is denied; the garnishee order [Doc. #77] is affirmed and remains in full force and effect.

## BACKGROUND

On September 17, 1999, Defendant John R. Cooke pled guilty to a one-count bill of information, charging bank fraud, in violation of 18 U.S.C. §§ 1344 and 2. [Docs. ##1–6]. On December 22, 1999, this Court sentenced Defendant Cooke to 36 months of imprisonment, to run concurrent with a sentence imposed in the Southern District of Mississippi, followed by five (5) years of supervised release. [Doc. #14]. Defendant Cooke was further ordered to pay restitution jointly and severally to Deposit Guaranty National Bank, in the amount of $1,997,243.53, and St. Paul Fire & Marine Insurance Company, in the amount of $2,847,000.00. [Doc. #14, p. 4]. The schedule of restitution payments has been modified several times since its institution, with the monthly installment rate varying between 10% and 20% of Defendant Cooke's monthly gross income. [Docs. ##14, p. 4; 21; 23; 27; and 29].

On June 4, 2007, supervision was terminated, while Defendant Cooke remained obligated

to pay restitution in monthly installments at a rate of no less than 10% of his monthly gross income. [Doc. #29]. Beginning in August 2008, in response to Defendant Cooke's failure to pay restitution as directed, the Government sought to collect the outstanding restitution debt via garnishment proceedings, and supervised release was allowed to expire entirely. [Doc. #42; *see also* Docs. ##30–41]. In November 2008, a garnishee order was issued, directed at Colt International, LLC, and its successors or assigns, ordering garnishment of the lesser of 10% of disposable earnings or all amounts of disposable earnings in excess of thirty times the federal minimum wage. [Doc. #41]. The Government points out that, once supervision terminated, Defendant Cooke stopped making voluntary restitution payments. [Doc. #75-1, p. 2].

In May 2017, the Government filed new applications for writs of continuing garnishment. [Docs. ##43, 44, 47, 49, and 57]. The writs were issued. [Docs. ##45, 46, 48, 50, and 58]. Pursuant to the clerk's notices of post-judgment garnishment [Docs. ##45-1, 46-1, 48-1, and 50-1], Defendant Cooke filed motions for hearings on the writs of continuing garnishment and sought to have this matter transferred to the Southern District of Texas, where he resides. [Docs. ##60–63]. Prior to this appeal being filed, a hearing on those motions was set before Magistrate Judge Hornsby for August 7, 2017, in Shreveport, Louisiana. [Docs. ##76, 78]. However, in light of the pending appeal, the hearing was upset. [Doc. #85].

On June 30, 2017, upon motion by the Government [Doc. #75], Magistrate Judge Hornsby signed a garnishee order, naming World Fuel Service, as Defendant Cooke's current employer, and successor or assign of Colt International, LLC, and modifying the previous garnishee order from "the **lesser of** 10% percent of his disposable earnings or all amounts of disposable earnings in excess of thirty times the federal minimum wage, whichever is less, to 25% of his disposable earnings."

2

[Doc. #77 (emphasis in original), modifying Doc. #41].[1] In support of its motion for the modification, the Government provided Defendant Cooke's payment history and financial records, indicating both his ability to pay and his past failure to do so. [Docs. ##75-1, 75-2, 75-3]. The instant appeal challenges that garnishee order and the modification made therein, increasing the garnishment from 10% to 25% of Cooke's disposable earnings.

## LAW & ANALYSIS

As the Government points out, the Fifth Circuit has recognized that

> The MVRA provides the Government authority to enforce victim restitution orders in the same manner that it recovers fines and by all other available means. 18 U.S.C. § 3664(m)(1)(A)(i)-(ii) (2000). The Government is authorized under 18 U.S.C. § 3613(a) (2000) to collect criminal fines and restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." The federal law that provides the practices and procedures for the enforcement of a civil judgment is the [Federal Debt Collection Procedures Act ("FDCPA")]. 28 U.S.C. §§ 3001–3308 (1994).

*United States v. Phillips*, 303 F.3d 548, 550–51 (5th Cir. 2002). Under the FDCPA, "[t]he court may at any time on its own initiative or the motion of any interested person, and after such notice as it may require, make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter." 28 U.S.C. § 3013. Pursuant to that authority, and on the basis of the showing made by the Government [Doc. #75], the magistrate judge appropriately modified the previously-issued, November 2008 garnishee order, and did so in accordance with the applicable limitations, *i.e.* 25% cap, set forth in the Credit Consumer Protection Act ("CCPA"), 15 U.S.C. § 1673.

In the instant appeal, Defendant Cooke argues that the garnishee order was inappropriately

---

[1] The order was signed on June 30, 2017 but not entered until July 3, 2017. [Doc. #77].

issued, *ex parte*, after a timely request was made for a hearing regarding the transfer of this matter to the district in which Cooke resides. Despite this appeal allegedly challenging the garnishee order, Cooke has failed to provide *any* basis upon which this Court might find that the garnishee order allows the Government to exceed its authority to collect on the outstanding restitution judgment or that the order itself is legally improper. Defendant Cooke remains obligated to pay a significant sum of money, and the Government has shown, pursuant to 18 U.S.C. § 3664(k), that this defendant has the ability to make payments towards that obligation. [*see* Docs. ##75-1, 75-2, 75-3; and Doc. #84, pp. 7-8]. The Government is not only entitled to enforce that obligation, it is also required to do so. *See Phillips*, 303 F.3d at 551. Regarding Cooke's challenge to the allegedly *ex parte* nature of the Government's motion, the Court is satisfied that the Government met or exceeded its obligations to provide notice of the motion to Defendant Cooke, as well as the attorney presumed to be representing Cooke at the time of the Government's filing. [Docs. ## 84-1, 84-2, 84-3]. Accordingly, the request for recall is **DENIED**, and the garnishee order issued by the magistrate judge is **AFFIRMED** and remains in full force and effect.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 1st day of August, 2017.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE