UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA          CRIMINAL NO. 99-cr-50089

VERSUS                            JUDGE WALTER

JOHN R. COOKE                     MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

John R. Cooke pleaded guilty to bank fraud in 1999, and his sentence included an order that he pay restitution. The Government recently commenced garnishment proceedings against Defendant's employer and some financial institutions in an effort to collect restitution. The Government also obtained an order that increased the amount of wage garnishment from 10% to 25% of disposable earnings.

Defendant filed pro se objections to the garnishments, claimed various exemptions from seizure, and requested the collection proceedings be transferred to the Southern District of Texas, where he now resides. Counsel later enrolled for Defendant. All objections to the procedures and claims for exemption have been resolved except for the request to transfer venue. For the reasons that follow, it is recommended that the request be denied.

**Background Facts**

Defendant waived indictment and pleaded guilty to a count of bank fraud, 18 U.S.C. § 1344, arising out of a fraudulent check scheme that caused Commercial National Bank to

suffer a loss in excess of $4,000,000. Defendant was sentenced to 36 months in prison, to run concurrently with a 29-month sentence imposed by a Mississippi federal court. He was also ordered to make restitution to the bank and an insurer in the amount of $4,844,243.53. The judgment of conviction ordered that restitution be paid in monthly installments at a rate of not less than 20% of Defendant's gross income, including any wages earned in prison. The court waived interest.

The Government reports that Defendant made payments on restitution while he was in prison and while he was on supervised release under supervision of the probation office. Defendant filed a motion (Doc. 28) for early termination of supervised release, in which he touted that he had at all times complied with the requirement of monthly restitution payments and had paid approximately $100,000. Defendant asked the court to terminate his supervised release early and waive monthly restitution that would be due over the remaining 20 months. In the alternative, he asked that the court terminate supervised release with the stipulation that he continue normal restitution payments until the end of his scheduled term of supervision.

The court granted the alternative request and directed that Defendant "shall continue to pay restitution in monthly installments at a rate of no less than 10% of his gross income." Doc. 29. The Government represents that Defendant did not make a single voluntary payment toward restitution after the court terminated his supervised release.

The Government pursued garnishment proceedings in 2008, which resulted in the garnishment of wages paid by Defendant's employer, Colt International, LLC. The

Government returned to court in 2017 and applied for writs of garnishment, which resulted in the location of the following property: (1) JP Morgan Chase checking account balance of $33.79; (2) Prosperity Bank deposit account balance of $3,071.69; (3) JSC Federal Credit Union account of $2,409.81; (4) Charles Schwab individual brokerage account containing $737.50; and (5) World Fuel Services 401(k) account containing $67,891.40.

As part of the recent garnishment proceeding, the Clerk of Court served Defendant with a Claim for Exemption Form that allowed him the opportunity to claim exemptions and request a hearing on them. Defendant was also served with a Notice of Post-Judgment Garnishment that described the proceedings, explained Defendant's options, and noted that he could request a transfer of the proceeding to the federal judicial district in which he resides. Defendant completed and returned a form Motion for Hearing that checked boxes to indicate his contentions that (1) the garnished property was exempt and (2) the Government did not comply with statutory requirements. Defendant wrote on the bottom of the motion that he was requesting to have the matter transferred to the Southern District of Texas because he lives in League City, Texas.

The Government also filed a Motion to Modify Continuing Wage Garnishment. The Government reported that recent financial records indicated that Defendant earned over $150,000 in wages in 2015, and his earnings to date in 2017 were on track for similar earnings. The Government asked that the court increase the continuing wage garnishment from 10% to 25% of disposable earnings. The Government noted Defendant's poor payment history and that he had been able to pay a mortgage on two properties, a $550 monthly HOA

fee, a $1,000 monthly car note, and pay insurance and maintenance on a boat. The Government added that it had only about six years remaining to collect restitution from Defendant before his liability on the judgment would expire. The undersigned granted the requested increase. Doc. 77.

The court set a hearing on Defendant's objections, exemptions, and request for a change of venue. The hearing was postponed when Defendant appealed the modification order to Judge Walter. Docs. 81 and 85. Judge Walter affirmed the modification order (Doc. 86).

Counsel for Defendant then requested that the hearing be rescheduled. The undersigned issued an order (Doc. 87) and directed that counsel file a memorandum and explain what issues would be presented at the hearing and provide a summary of the evidence that would be offered. The court noted that communications with counsel indicated that the sole remaining issue was venue, with any claim for exemptions having been abandoned.

Defendant filed a memorandum (Doc. 88) and requested only that venue of the collection proceedings be transferred to the Southern District of Texas. He offered no argument that there were any applicable exemptions or that the collection proceedings were defective in any way. The only evidence he offered to present at the hearing was that he has a long-standing residency in League City, Texas, he is 66 and nearing retirement, and the location of his employer in Houston would make it more economical and convenient for him to have the collection matters handled by the Houston U.S. Attorney's Office.

**Analysis**

The Mandatory Victims Restitution Act ("MVRA") provides the Government authority to enforce victim restitution orders in the same manner that it recovers fines and by all other available means. That includes the authority to collect restitution on behalf of private victims and in accordance with the practices and procedures for the enforcement of a civil judgment. The federal law that provides the practices and procedures for the enforcement of a civil judgment is the Federal Debt Collection Procedures Act ("FDCPA"). U.S. v. Phillips, 303 F.3d 548, 550-51 (5th Cir. 2002). The MVRA was drafted to strengthen the ability of the Government to collect criminal restitution, and Congress directed the attorney general to aggressively enforce restitution orders. Id. at 551.

The FDCPA allows the Government to apply for a writ of garnishment against a debtor's property or non-exempt disposable earnings. 28 U.S.C. § 3205(a). A garnishee, such as an employer or bank, must file an answer to the writ of garnishment about any such property that it holds, and it must serve a copy of the answer on the debtor. Section 3205(c)(4). The clerk of court must issue to the debtor a notice that explains potential exemptions, as well as the process for claiming an exemption or requesting a transfer of venue to the district where the debtor resides. Section 3202(b).

Within 20 days after receipt of the garnishee's answer, the debtor or the Government may file a written objection to the answer and request a hearing. The party objecting must state the grounds for the objection, and it bears the burden of proving such grounds. The

court must hold a hearing within 10 days after the date the request is received, or as soon thereafter as is practicable. Section 3205(c)(5).

The FDCPA, in its Definitions and General Provisions subchapter, addresses the procedure for serving a writ or other process in a proceeding under the chapter. 28 U.S.C. § 3004(a). The statute adds in Section 3004(b)(1) that, except as provided in paragraph (2), any writ, order, or other process filed under the chapter may be served in any state and enforced by the court issuing the writ, regardless of where the person is served with the writ. Paragraph (2)—relevant here—provides: "If the debtor so requests, within 20 days after receiving the notice described in section ... 3202(b), the action or proceeding in which the writ, order, or judgment was issued shall be transferred to the district court for the district in which the debtor resides."

The Government does not contest that Defendant made a timely request for a transfer. It argues that a transfer is nonetheless not warranted because the "shall be transferred" language in Section 3004(b)(2) is not mandatory and must yield to the strong policy behind the MVRA that favors aggressive collection of restitution. Defendant argues that the statue mandates transfer upon his timely request. Whether the transfer provision is mandatory or allows the court discretion has been addressed in several decisions, but there is no Fifth Circuit precedent, and other courts are divided.

The defendant in <u>U.S. v. Furkin</u>, 1998 WL 846873 (7th Cir. 1998) (unpublished) was convicted of conspiracy to defraud the IRS and other crimes. He was ordered to pay more than $2,000,000 in restitution to the IRS. When the Government attempted to collect, the

defendant raised objections and requested a transfer of the proceedings pursuant to Section 3004(b)(2). The court, without specific discussion of the statutory language, held that the district court properly denied the request to transfer the collection proceedings because a sentencing court retains jurisdiction to enforce the payment of the criminal monetary penalties it imposes.

The defendant in U.S. v. Nash, 175 F.3d 440 (6th Cir. 1999) was convicted of crimes related to failure to file tax returns and filing fraudulent refund claims, and he was ordered to pay restitution. The Government filed a request to garnish disability insurance payments, and the defendant requested a transfer of venue from the Michigan court of conviction to a federal court in Oklahoma, where he then resided in a federal prison. The district court summarily denied the request to transfer venue. On appeal, the Government conceded the district court erred in denying transfer but argued it was harmless error. The Sixth Circuit stated: "Because the plain language of this statute (Section 3004(b)(2)) is mandatory, the district court must grant such a transfer as long as it is made in a timely manner." The court stated that there were compelling reasons the law gives a defendant the right to transfer venue to where he resides, including the opportunity for a hearing without inconvenience or undue financial hardships that require travel of far distances. In the end, however, the error was deemed harmless because the defendant had been transported to the Michigan court at government expense and there were no valid exemptions.

Another tax fraud defendant was ordered to pay restitution in U.S. v. Peters, 783 F.3d 1361 (11th Cir. 2015). The Government sought to seize property, and the defendant

demanded a hearing and a transfer of the proceedings from the Florida court of conviction to California where he was incarcerated. The district judge rejected the defendant's claim of an exemption and denied the transfer. The court of appeal vacated the decision and remanded for entry of an order transferring the writ of execution proceeding to the California district court. It looked to the "shall be transferred" provision in Section 3004(b)(2) and held that the word shall "creates an obligation not subject to judicial discretion."

The parties have not located any Fifth Circuit authority on the issue. The Government points to several district court decisions that have held that the FDCPA's transfer provision is not mandatory. For example, U.S. v. Mathews, 793 F.Supp 2d 72 (D. D.C. 2011) held that the provision "merely operates to shift the burden from the party requesting transfer—on whom the burden ordinarily rests in civil and criminal matters—to the party opposing transfer where ... the requirements of § 3004(d)(2) are met." Mathews, 793 F.Supp. 2d at 75, quoting U.S. v. Gipson, 714 F.Supp. 2d 571, 576 (E.D. Va. 2010).

The Mathews court found the court's discretion in a grant of plenary authority in Section 3013 of the FDCPA. That statute allows the court to, on its on initiative or the motion of any interested person, to make an order "denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter." Other district courts that have taken this approach include U.S. v. Sethi, 2014 WL 4651649 (D. Colo. 2014) (stating that the "great bulk of authority" is consistent with Mathews).

Other court have noted that the FDCPA states that it "shall not be construed to curtail or limit the right of the United States under any other Federal law" to collect restitution arising in a criminal case. 28 U.S.C. § 3003(b)(2). Considering that language and the strong policy behind the MVRA, some courts have held that the venue provision in the FDCPA sometimes "must give way" to deficient collection of restitution. U.S. v. Poulsen, 2010 WL 1849294 (S.D. Ohio), citing U.S. v. Tedder, 2004 WL 415270, *4 (W.D. Wis. 2004). Other decisions have harmonized the statutes and held that "a debtor is entitled to transfer unless it is shown that such transfer is requested merely for delay or frustration of collection efforts." U.S. v. French, 2015 WL 5167641, *3 (W.D. Ky 2015), citing Gipson, 714 F.Supp. 2d at 576.

Nash and Peters, the two circuit decisions that found the transfer provision to be mandatory, both arose from tax-crime convictions. Those decisions did not mention it, but the MVRA does not "allow restitution for a tax code offense under Title 26 (as opposed to offenses described in the general criminal code of Title 18)." U.S. v. Westbrooks, 858 F.3d 317, 327 (5th Cir. 2017). The restitution ordered in those cases was based on laws other than the MVRA, so the statutory provisions and policy issues associated with the MVRA were not at issue.

The issue is subject to reasonable debate, but the undersigned recommends that the court find that it has discretion under the facts of this case to deny the request for transfer of venue. Defendant does not deny that he owes restitution, and he has not raised any exemption or challenge to the garnishment procedure that requires a hearing or any further

analysis by the court.[1]  This venue issue is the only remaining debate.  Accordingly, it will not afford Defendant any convenience to transfer the collection matter to the Houston federal court; there is nothing left to do except the processing of paperwork by the Government and the clerk of court.

On the other hand, the United States Attorney in this district has devoted significant time and resources to attempting to collect the restitution within the short time remaining, and in spite of Defendant's efforts to avoid payment.  The Government argues that Defendant's venue request is intended to delay or frustrate the collection of restitution.  There is grounds for concern that collection efforts would be slowed or perhaps not receive the same degree of attention if the matter were to be transferred to the federal court in Houston where prosecutors are not as familiar with or perhaps interested in the case.  Adding to the concern is that, at this writing, the Houston area is experiencing serious flooding and related problems associated with Hurricane Harvey.

There is persuasive authority that recognizes the court has discretion to deny a requested transfer for good cause, and "and transfer typically should be denied where the fact-specific circumstances of the collection proceeding show that granting the request would frustrate the government's efforts to collect on an MVRA restitution judgment." Gipson, 714

---

[1] Defendant, acting pro se, checked blanks on forms to claim exemptions for matters such as wearing apparel, school books, furniture, and personal effects. Defendant's counsel has not urged the applicability of an of the exemptions, and they plainly do not apply to the garnishment of money in financial accounts.  The court is not obligated to hold a hearing when there are no potentially valid exemptions or objections raised.  U.S. v. Stone, 430 Fed. Appx. 365, 368 (5th Cir. 2011).

F. Supp. 2d at 576. The Government has made a compelling case to deny transfer. Defendant has not presented facts to warrant a change of venue. A denial of a transfer of venue is the best exercise of this court's discretion in these circumstances.[2]

Accordingly,

**IT IS RECOMMENDED** that the Motions for Hearing and to Change Venue (Docs. 60, 61, 62 and 63) be **denied**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have **fourteen (14) days** from the date of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 45(b). A party may respond to another party's objections within **fourteen (14) days** from the filing of the objections. Counsel are directed to furnish a paper courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendation set forth above shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

---

[2] Transfer was denied under similar facts in Mathews, 793 F.Supp. 2d. at 76-77. The defendant lived in the same district where he resided when he was convicted (also true here), he did not deny that he owed restitution, he claimed no valid exemptions, and the local U.S. Attorney had been actively pursuing collection and investigating the defendant's financial affairs.

accepted by the district court.  See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 31st day of August, 2017.

Mark L. Hornsby
U.S. Magistrate Judge